UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-4164

MELVIN AVON THOMAS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-95-0175-S)

Submitted: May 29, 1998

Decided: June 22, 1998

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Denise C. Barrett, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant.
Lynne A. Battaglia, United States Attorney, Philip S. Jackson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Melvin A. Thomas appeals from his conviction for possession of a firearm after having been convicted of a felony, 18 U.S.C. § 922(g) (1994), for which he was sentenced to 235 months imprisonment, followed by two years of supervised release. Thomas claims (1) that the district court should have granted a mistrial when an agent from the Bureau of Alcohol, Tobacco and Firearms (ATF) offered to escort jurors to their cars during a recess in the deliberations, and (2) that the prosecution improperly referred to Thomas' prior felony convictions during closing argument. For the reasons that follow, we affirm.

Thomas was indicted following his arrest in December 1994 after a search of his person revealed a 9 mm handgun in his jacket pocket. At trial, the following stipulation regarding Thomas' criminal history was read to the jury:

> It is agreed and stipulated between the parties that the defendant, Melvin A. Thomas, has been convicted of a crime classified as a felony in a state courts, and that this crime is punishable by imprisonment for a term exceeding one year. It has also been stipulated that this conviction occurred prior to December 19, 1994, and that the defendant has not yet had his civil rights restored.

During closing argument, the Government stated that Thomas had "five previous convictions disqualifying him from being able to possess a weapon." Thomas' attorney did not object.

The jury began deliberations on the afternoon of November 20, 1996. When later that evening the jury had not reached a verdict, the district court recessed for the day. Several jurors rode in an elevator with an AFT agent who had been present during the trial. The agent

2

offered to escort one of the jurors to her car and, according to the juror, "something [was] mentioned about the females not feeling safe walking to their vehicles because of the high crime area" although she could not attribute the statement to the agent, nor was she aware that he was an ATF agent. Thomas' attorney witnessed this encounter and immediately contacted an assistant United States Attorney who intervened. There was no other contact between the ATF agent and the juror.

The following morning, after the jury had announced it had reached its verdict but before the verdict was read, the district court conducted an individual voir dire of each member of the jury. Based on these interviews, the district court found that none of the jurors associated the ATF agent with the prosecution and that the two jurors who had contact with him clearly stated that the contact did not affect his or her deliberations in any way. Upon completion of the voir dire, the district court asked Thomas' attorney if she wished to move for a mistrial, to which she responded "no." The district court then decided not to grant a mistrial sua sponte. Thomas appeals.

Because Thomas did not move for a mistrial or object to the prosecution's comment during closing argument, we review both of these claims for plain error. See United States v. Olano, 507 U.S. 725 (1993); Fed. R. Crim. P. 52(b). Thomas must therefore show that the trial court erred, that the error was plain, and that it affected his substantial rights. Even if these factors were satisfied, we will not exercise our discretion to correct the error unless it "seriously affected the fairness, integrity or public reputation of judicial proceedings." See Olano, 507 U.S. at 732. Our review of the record discloses no plain error.

With respect to the improper comment made by the prosecution during closing argument, we find that the comment was made in isolation, that it did not affect the central issue in the case, that the evidence against Thomas was strong, and that whatever prejudicial effect the comment may have had was cured by the district court's instruction to the jury.* See United States v. Harrison , 716 F.2d 1050,

_____

*The district court instructed the jury as follows:

3

1051-52 (4th Cir. 1983) (factors to be considered in determining whether improper argument by government counsel has so prejudiced the trial process as to require reversal of conviction include: (1) whether the remarks were isolated or pronounced and persistent; (2) the centrality of the issue affected by the error; (3) the steps taken to mitigate the error; and (4) whether the comment was deliberately made to divert attention to extraneous matters).

Second, we find that the district court's refusal to declare a mistrial with respect to the improper contact with the jury did not constitute plain error because the court carefully questioned every member of the jury about the impact of the contact and reasonably found no basis for granting a mistrial. See United States v. Ford, 88 F.3d 1350, 1363 (4th Cir.) (district court's failure to declare a mistrial after one juror was contacted inappropriately did not constitute plain error where court carefully questioned juror about impact of third-party contact and juror insisted that she could continue to deliberate fairly and objectively), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3369 (U.S. Nov. 18, 1996) (No. 96-6379); see also United States v. Sanders, 962 F.2d 660, 668-70 (7th Cir. 1992) (presumption of prejudice from any private communication with juror is rebutted if court finds that there is no reasonable possibility that the verdict was affected by the contact).

Accordingly, we affirm Thomas' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

The fact that Mr. Thomas has been convicted before is before you only because it is pertinent to one of the elements of the offense and it should not be considered by you in terms of anything else. For example, you may not say that just because he has been convicted before, he is guilty of this. In other words, you are not to consider the fact that he has a prior record in any way of affecting the other elements of the offense which the Government must prove beyond a reasonable doubt.

4